IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ELPIDIO B. AVILEZ, # 1011021 | § | |
| VS. | § | CIVIL ACTION NO. 4:05 CV 144 |
| DOUGLAS DRETKE, DIRECTOR TDCJ | § | |

***ORDER***

Came on for consideration the Petitioner's Motion for Reconsideration, construed as a Motion for Certificate of Appealability from the dismissal of writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A certificate of appealability may issue only with respect to the specific issue or issues for which a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). *See Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997); *United States v. Gobert*, 139 F.3d 436 (5th Cir. 1998). To make such a showing, the petitioner need not show that he would prevail on the merits but, rather, must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *See, e.g., Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996).

## History of the Case

The Petitioner was convicted of aggravated sexual assault of a child and indecency with a child in the 296th District Court of Collin County, Texas following a plea of not guilty. He was sentenced to life imprisonment and a $10,000.00 fine. Petitioner appealed his conviction to the Fifth District Court of Appeals and on February 20, 2002, his conviction was affirmed. He filed an

application for a post-conviction writ of habeas corpus in state court on September 6, 2002, alleging he was denied the right to file a petition for discretionary review. On March 26, 2003, the Texas Court of Criminal Appeals granted Avilez the right to file an out of time petition for discretionary review which was refused by the Court of Criminal Appeals on September 3, 2003. Avilez filed a second application for state writ of habeas corpus challenging his conviction on March 1, 2004. The Texas Court of Criminal Appeals denied the application on September 15, 2004.

Petitioner alleged that he filed two petitions (one for each of his convictions) on December 17, 2004 in the Northern District of Texas.[1] Petitioner provided a letter to the Eastern District Clerk dated February 15, 2005 and a letter to the Northern District Clerk dated February 28, 2005, requesting information about his second filing. As proof of this assertion, he also provided a letter from Judge Wm. F. Sanderson, Jr., U.S. Magistrate Judge for the Northern District of Texas, in which the judge requests that Petitioner "send to the office of the undersigned magistrate judge, a copy of the federal habeas petition in which you sought to challenge your Collin County conviction in cause number 296-81177-99." The present petition was placed in the prison mailing system on March 16, 2005, and is deemed filed on that date, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Petitioner challenged his conviction on the following grounds:

1. Cruel and unusual punishment–Trial Court committed reversible error in assessing punishment at thirty years where the sentence is not proportional to the offense committed.

2. Actual Innocence/Illegal Sentence–Prejudiced by a fatal variance of the indictment and the proof offered by the state; Sentence imposed in an illegal manner because the trial court failed to comply with the procedural rules for imposing sentence; But for constitutional error, Petitioner is innocent of the predicate offense that was used to enhance his present sentence and he would not have been subject to punishment he received.

---

[1] Petitioner alleges that he placed two federal writ applications in one package but only one was filed by the Northern District and transferred to the Eastern District of Texas.

    3.      Deprived Effective Assistance of Counsel–failed to fully investigate circumstances of 265th District Court's proceeding on expired sentenced.

<u>Discussion and Analysis</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes. [*Title*] 28 U.S.C. § 2244(d)(1) imposes a one year statute of limitations for habeas cases filed by state prisoners. The Fifth Circuit discussed the approach that should be taken in applying the one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). Section 2244(d)(1)(A) specifies that the one year limitations period shall run from the date a judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In the present case, according to his application, the Petitioner was convicted on May 31, 1990. He filed an appeal but did not seek Petition for Discretionary Review nor Writ of Certiorari. The conviction became final thirty days after the conviction was affirmed by the Court of Appeals. Tex. R. App. P. 26.2(a)(1) (Vernon 1997). *See also Rodarte v. State*, 840 S.W.2d 781 (Tex. App. -- San Antonio 1992), *affirmed*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Under a literal reading of AEDPA, the one year statute of limitations began to run on July 2, 1992.

In *Flanagan*, the Fifth Circuit dealt with the problem of applying AEDPA retroactively. The Fifth Circuit noted that "habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Id.* at 200. The Court concluded that claims that "would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id.* Petitions filed on or before April 24, 1997 are timely. *Id.* at 202. An application pending in state court during the one year grace period will also toll the deadline

of April 24, 1997. *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). In the present case, the Petitioner waited over fourteen years after his actual conviction to bring this action. The Petitioner has not shown that any of the other provisions of § 2244(d) or principles of equitable tolling save the petition; thus, it is barred by the statute of limitations.

Further, Petitioner failed to seek permission from the 5th Circuit for the filing of this successive Petition under § 2254. Petitioner previously had a petition for a writ of habeas corpus denied as time-barred in *Jordan v. Director, TDCJ-ID*, Civil Action No. 4:04cv114. Petitioner may not bring a successive petition in this Court without permission of the Fifth Circuit. 28 U.S.C. § 2244(3)(A).

It is accordingly,

**ORDERED** that the Motion for Reconsideration construed as a Motion for Certificate of Appealability (docket entry #26), is **DENIED**.

SIGNED this 25th day of October, 2005.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE